# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

LEON-MICHAEL: THOLSON,

    Plaintiff,

vs.

DEBBIE MILLER, et al.,

    Defendants.

Case No. 3:13-cv-00043-SLG

## ORDER RE PENDING MOTIONS

Seven motions recently filed by the Plaintiff are currently pending before the Court. At Docket 175 is Plaintiff's Motion for Debbie Miller to Locate and Preserve Video Files from Incidents on 5-5-14 and 5-10-14. At Docket 176 is Plaintiff's Motion for Debbie Miller to Locate and Preserve Video Files. At Docket 177 is Plaintiff's Motion for Expedited Consideration of the motion at Docket 176. At Docket 187 is Plaintiff's Motion for Reconsideration or in the Alternative Motion for Appealability of this Court's Order at Docket 179. At Docket 188 is Plaintiff's Motion for the Court to Give an Answer to Document 92. At Docket 189 is Plaintiff's Motion for the Court to Provide a Copy of Its Order Relating to Docket 60. And finally at Docket 190 is Plaintiff's Motion to Reconsider Court's Order at Docket 185. This Order is intended to address all seven of these motions.[1]

First, Plaintiff's motions to locate and preserve additional video files at Dockets 175 and 176, and the related motion to expedite at Docket 177, will be denied for the same reasons that this Court has denied Plaintiff's previous motions to locate and

---

[1] Plaintiff has filed an eighth motion that is not yet ripe – a second Motion for Extension of Time to File Amended Complaint – at Docket 193.

preserve video files.[2]  Mr. Tholson's Third Amended Complaint at Docket 31 alleges excessive force on June 30, 2012; inadequate food service on August 1, 2012; violation of religious freedom on January 7, 2013 and June 7, 2013; failure to protect other prisoners on June 12, 2013; and denial of due process based on a meeting with a security sergeant on July 3, 2013.  Those claims comprise the extent of this lawsuit at the present time.  Mr. Tholson may wish to consider focusing his litigation efforts in this case on those claims.

At Docket 187, Mr. Tholson seeks reconsideration of this Court's Order at Docket 179.  That Order addressed five of Mr. Tholson's motions.  Mr. Tholson's motion to reconsider takes issue with two of the Court's rulings: (1) the portion of the Order denying Defendants' motion to strike Mr. Tholson's Declaration at Docket 140 but notifying Mr. Tholson that the Court "will strike further declarations and notices of this nature that are not filed in conjunction with a motion or in opposition to a motion," and (2) the portion of the Order that held that Defendants' counsel was not in contempt.  Reconsideration of both of these rulings will be denied, as will Mr. Tholson's request for leave to file an interlocutory appeal.  Mr. Tholson has failed to demonstrate that an immediate appeal from these rulings "may materially advance the ultimate termination of the litigation."  See 28 U.S.C. § 1292(b).

Mr. Tholson's next motion at Docket 188 asks the Court to give an answer to the Inquiry to the Court that Mr. Tholson filed at Docket 92.  The motion is denied because the undersigned judge has not had any contact of any nature with the Office of the

---

[2] See Docket 155 at 7–10; Docket 179 at 3–4.

Ombudsmen, any of its employees, representatives, or the Ombudsman herself with respect to this matter or with respect to Mr. Tholson.

At Docket 189, Mr. Tholson asks for the Court to provide him with a copy of the Order relating to Docket 60. The motion at Docket 60 was ruled on at Docket 116. Mr. Tholson's motion for a copy of that Order will be granted.

At Docket 190, Mr. Tholson seeks reconsideration of the Order at Docket 185. At Docket 185, the Court had denied Mr. Tholson's motion seeking reconsideration of the Order at Docket 155 because the motion was untimely. In so ruling, the Court overlooked its Order at Docket 174, which had accorded Mr. Tholson until June 12, 2014 within which to file a motion to reconsider the Order at Docket 155, and Mr. Tholson's certificate of service, which shows a date of May 9, 2014. Based on those dates, Mr. Tholson's filing at Docket 181 was timely, and the motion to reconsider the basis for the decision of the Order at Docket 155 will be granted. However, upon consideration of the merits of the Motion to Reconsider at Docket 181, the Court will not alter its ruling at Docket 155. In the Motion to Reconsider at Docket 181, Mr. Tholson asserts that "[t]here was a prior claim against Debbie Miller and Jessie Self for using (IDR)'s for two Officer coverage an[d] out of cell restrints [sic] that was dismisst [sic]. However that was a separate incident that took place on another date and was brought as a due process violation. The new claim is a retaliation claim for attempting to bring the prior claim."[3] Based on this vague statement, the Court is at a loss to understand what it overlooked in its ruling at Docket 155.

---

[3] Docket 181 at 1–2.

**CONCLUSION**

Based on the foregoing, IT IS ORDERED as follows:

1. The motions at Dockets 175, 176, 177, 187, and 188 are all DENIED.

2. The motion at Docket 189 is GRANTED, and the Clerk of Court is instructed to send Mr. Tholson another copy of the Court's Order at Docket 116.

3. The motion at Docket 190 is GRANTED, but upon consideration of the merits of the Motion to Reconsider at Docket 181 with respect to the Order at Docket 155, the Court will not reconsider that Order.

Dated at Anchorage, Alaska this 14th day of July, 2014.

        */s/Sharon L. Gleason*
        UNITED STATES DISTRICT JUDGE